## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50466

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2017

Lyle W. Cayce
Clerk

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

Plaintiff - Appellee Cross-Appellant

v.

ACE AMERICAN INSURANCE COMPANY,

Defendant - Cross-Appellee

HCA, INC.,

Defendant - Appellant Cross-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-555

Before JOLLY and ELROD, Circuit Judges, and RODRIGUEZ, District Judge.*

PER CURIAM:**

This is an insurance coverage dispute. Liberty Mutual Fire Insurance Company ("Liberty") sued ACE American Insurance Company ("ACE") and

---

* District Judge of the Western District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50466

HCA, Inc. ("HCA"), seeking to recover the cost of a defense it provided for ABM Industries, Inc. ("ABM").

The dispute arose out of a vehicular accident. Elizabeth Easley was injured when a shuttle bus owned by HCA[1] but operated by a third-party contractor, ABM,[2] crashed into a pole. HCA had an insurance policy with ACE that covered vehicles it owned, as well as permissive operators of its vehicles (such as ABM), subject to a $1 million deductible that was eroded by defense costs. The policy stated that HCA "will pay all sums the 'insured' [including ABM] becomes legally obligated to pay within the Deductible." ABM, meanwhile, had an insurance policy with Liberty that covered vehicles it owned but that was "excess" to "other insurance" carried on non-owned vehicles (such as HCA's bus).

Easley sued ABM for her injuries. ABM tendered the defense to Liberty. Liberty attempted to tender the defense to ACE and HCA, asserting that the ACE/HCA insurance policy on the vehicle was primary, but ACE and HCA denied the tender. Liberty defended and settled the lawsuit; the total cost of defense and settlement was less than $1 million. Liberty, as subrogee of ABM, subsequently filed this action in federal court, seeking to recoup its defense costs from HCA and ACE. The district court granted summary judgment in favor of Liberty, finding that the HCA/ACE policy provided "primary" insurance on the vehicle and that HCA had agreed, under the policy, to pay for any liability created by its "insured," including ABM. The district court

---

[1] HCA, otherwise known as the "Hospital Corporation of America," owned Methodist Hospital, which in turn owned the shuttle bus, which shuttled patients around the hospital parking lot. The entities are not distinct for the purposes of this appeal and are collectively referred to as "HCA."

[2] The shuttle bus was operated by Ampco System Parking, Inc. n/k/a ABM Parking Services, a subsidiary of ABM Industries Incorporated. The entities are not distinct for the purposes of this appeal and are collectively referred to as "ABM."

2

No. 16-50466

ordered HCA to pay for the attorneys' fees incurred in defending the underlying action but denied Liberty's request for fees incurred in bringing the instant action.

We have studied the briefs, read the applicable authorities, and heard the arguments of counsel; we are convinced under the peculiar facts of this case that the district court made no reversible error.[3]  We are further convinced that the district court did not err in denying Liberty's additional request for joint and several liability as to ACE and did not abuse its discretion in denying attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001(8).

AFFIRMED.

---

[3] We recognize that there may be other arguments that either have not been made or were waived as untimely that may have resulted in a different analysis.  We have no occasion to address such arguments.

3